IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CR-04-62-C |
| ) | |
| RONNIE GLENN TRIPLETT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant has filed a motion pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 seeking the recusal of the undersigned and the Assistant United States Attorney assigned to this case. In support of his request to the undersigned, Defendant notes that he has challenged factual findings made by the undersigned at sentencing as well as arguing to the Tenth Circuit that the undersigned has exhibited bias and prejudice against him.

Section 144 provides no support for Defendant's position. First, Defendant's motion is not "timely" as required by the statute. The issues of which Defendant complains occurred in February 2005 at Defendant's sentencing. The present motion was not filed until more than two years later. The Tenth Circuit has found a delay of less than two months to fail the timeliness requirement. See Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997). Further, the bias of which Defendant complains is not personal as required by the statute. Rather, the bias alleged by Defendant is premised on the following statements:

> And while you argue about the small quantity involved in this particular offense, that was just luck on your part. Obviously, you were manufacturing. . . .

> I think you need to be protected from yourself, and the public needs to be protected from your continued manufacture of methamphetamine . . . .

(Sent. Tr. p. 16, ll. 3-5, 8-10.)  These statements were made regarding facts learned during the course of the undersigned's performance of her duties at Defendant's sentencing.  Thus, the statements cannot serve as grounds requiring recusal under § 144.  See United States v. Kimball, 73 F.3d 269, 273 (10th Cir. 1995):

> Remarks made in the course of ordinary courtroom administration do not require recusal. Liteky v. United States, 510 U.S. 540, ----, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). As in Liteky, each remark noted by defendant was made in the course of judicial proceedings and neither relied upon knowledge acquired outside such proceedings, nor displayed deep-seated and unequivocal antagonism that would render fair judgment impossible.

Defendant's argument fares no better under § 455.  The Supreme Court has noted that as with § 144 any perceived bias or prejudice must arise from a source outside the proceedings.  See United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.") (citing Berger v. United States, 255 U.S. 22, 31 (1921)).  Indeed, the statements of which Defendant complains were clearly made in the course of the undersigned's duty in determining relevant conduct for purposes of sentencing.  Thus, no reasonable person could find they constitute an instance where the undersigned's impartiality may reasonably be questioned.

In addition, the undersigned notes that the allegedly improper statements noted by Defendant are rulings against him.  The Tenth Circuit has frequently noted that adverse

rulings are almost never a valid basis for recusal. See United States v. Cooley, 1 F.3d 985, 994 (10th Cir. 1993); Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992); Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir. 1988); Willner v. Univ. of Kansas, 848 F.2d 1023, 1028 (10th Cir. 1988).

Defendant's challenge to the continued appearance of the Assistant United States Attorney is premised on his argument that the AUSA will become a necessary witness at the evidentiary hearing on Defendant's 28 U.S.C. § 2255 motion. By separate Order, the Court has denied Defendant's § 2255 motion and determined that a hearing is unnecessary. Accordingly, Defendant's request for disqualification of the AUSA is without merit.

For the reasons set forth herein, Defendant's Motion to Recuse Pursuant to 28 U.S.C. §§ 144 and 455 (Dkt. No. 57) is DENIED.

IT IS SO ORDERED this 20th day of August, 2007.

_____
ROBIN J. CAUTHRON
United States District Judge