IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,          )
                                   )
                Plaintiff,         )
                                   )
vs.                                )      Case Number CR-04-62-C
                                   )      Case Number CIV-07-632
RONNIE GLENN TRIPLETT,             )
                                   )
                Defendant.         )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. At the direction of the Court, Plaintiff filed a response[1] and this matter is now at issue.

Defendant raises three grounds for relief: first, that the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"), is unconstitutional and if constitutional was improperly applied to him; second, that his judgment of conviction is void under the common law rule of abatement; and third, that counsel was ineffective for failing to protect his interests during the plea agreement process.

Defendant's first and second arguments are easily overruled. Defendant challenged the constitutionality and application of the ACCA in his direct appeal following his conviction. The Tenth Circuit rejected his claims. See United States v. Triplett, 160

---

[1] In his Reply, Defendant complains Plaintiff's Response was not timely because he did not receive it until July 17, 2007. Defendant's argument is without merit. The Court's docket reflects the Response was timely filed on July 2, 2007. And Defendant receipt has caused no prejudice, as Defendant has clearly had an opportunity to review the Response and provide a Reply.

F. App'x 753 (10th Cir. 2005), cert. denied, ___ U.S. ___, 126 S.Ct. 2914 (2006)

(unpublished).  There has been no change in the relevant circuit law since that decision; thus

Defendant may not reargue those claims in this § 2255 proceeding.  See United States v.

Prichard, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of

a circuit, issues disposed of on direct appeal generally will not be considered on a collateral

attack by a motion pursuant to § 2255.") (citing United States v. Nolan, 571 F.2d 528, 530

(10th Cir.1978)).[2]

Defendant's second proposition was likewise rejected by the Circuit and so may not

be considered here.  Defendant's argument is premised on the position that United States v.

Booker, 543 U.S. 220 (2005), repealed 18 U.S.C. § 3553(b)(1) and so his sentence, which

rested on that statute, is invalid.  First, the Tenth Circuit noted that Defendant was

procedurally barred from pursuing this argument as he had failed to raise it on direct appeal.

See United States v. Triplett, 166 F. App'x 362, 365 (10th Cir. 2006) (unpublished)

("Accordingly, he is procedurally barred from raising that issue again, inasmuch as he could

---

[2] To the extent Defendant argues that certain of his ACCA arguments were not raised in his direct appeal he is procedurally barred from raising them now.  To the extent Defendant asserts he raised ACCA arguments to the Tenth Circuit but that Court did not consider them, this Court cannot consider them for the first time.  Finally, to the extent Defendant argues the Tenth Circuit erred in its resolution of his arguments, the proper course was a Petition for Rehearing or a Petition for Certiorari to the Supreme Court.  This Court cannot reverse a decision of the Tenth Circuit.

and should have raised it on direct appeal and his untimely effort to do so was denied.").[3]
Further, the Circuit considered and rejected Defendant's argument on the merits.

> Finally, out of an abundance of caution and in the interests of judicial economy, we note that Triplett's argument on appeal is meritless.  Booker severed portions of the Sentencing Reform Act which had made the sentencing guidelines mandatory.  Thus, it rendered the guidelines advisory, not mandatory.  Booker neither repealed the entire Act nor required the dismissal of all sentences imposed in accordance with the Act.

Id. at 366.

Defendant's third argument also fails.  Defendant argues that his counsel was ineffective in three areas:  1) the plea proceedings, 2) in failing to object to a breach of promise from the Assistant United States Attorney, and 3) in failing to research his prior convictions and any possible lines of defense.

Defendant's first argument is that his counsel failed to protect his interests by encouraging him to plead guilty to Count 4, a charge of which counsel knew he was innocent.  Defendant's current protestations stand in stark contrast to the statements offered at the time he entered his plea.  In the Petition to Enter Plea of Guilty, Defendant stated, under penalty of perjury, that his plea of guilty was entered voluntarily (Dkt. No. 21, ¶ 36), that there were no promises made other than those set out in answer to question 37 (id. at ¶ 38), and that he possessed the firearm and ammunition charged in Count 4 (id. at. ¶ 47).

---

[3]  While his first direct appeal was pending, Defendant had filed a Fed. R. Civ. P. 60(b)(6) motion in this Court.  Defendant appealed the Court's denial of that motion.  The Circuit noted the Court lacked jurisdiction to consider the motion and so the appeal was improper.  In reaching this decision, the Circuit noted that Defendant had attempted to raise the issue in a supplemental brief in his first appeal.  Because that motion was denied, this Court could not consider the matter anew.

Defendant also signed the Plea Agreement (Dkt. No. 22) wherein he acknowledged his guilt

as to Count 4.   Defendant argues that the transcript demonstrates his reluctance to plead

guilty to Count 4 and his feelings that he had been pressured into the agreement.   The Court's

review of the transcript does not support Defendant's argument.   Indeed on pp. 17-19 of the

transcript of the Change of Plea Hearing, Defendant admits that the firearm was located on

premises he rented and that he had dominion and control of the firearm.   Also, on p. 12,

Defendant states that he was not coerced to plead guilty and was pleading guilty because he

was guilty.   Thus, Defendant has failed to make the showing as required by United States v.

Clingman, 288 F.3d 1183 (10th Cir. 2002).   There the Tenth Circuit stated:

> To prevail on his ineffective assistance claim, defendant must show that
> he was prejudiced by his trial counsel's allegedly deficient performance.   In
> the context of a guilty plea, this requires defendant to show that counsel's
> deficient performance "affected the outcome of *the plea process*" and "that
> there is a reasonable probability that, but for counsel's errors, *he would not
> have pleaded guilty* and would have insisted on going to trial."   Miller v.
> Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quotation omitted), *cert.
> denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002).   Further,
> defendant's "mere allegation that he would have insisted on trial but for his
> trial counsel's errors, although necessary, is ultimately insufficient to entitle
> him to relief.   Rather, we look to the factual circumstances surrounding the
> plea to determine whether [defendant] would have proceeded to trial."   Id.
> (citation omitted).   Specifically, while defendant is not required to prove a
> reasonable probability that, but for counsel's mistakes, he would have
> prevailed at trial, the assessment of whether he would have changed his plea
> depends in large part on a prediction of whether the outcome of the district
> court proceedings would have been different if his counsel had not committed
> the alleged errors.   See id. at 1074-75.

Id. at 1186.

4

Defendant also argues that he had imposed a condition on the plea agreement which was never reduced to writing. That condition was that Plaintiff not seek any enhancements to his sentence. Defendant argues that Plaintiff breached that promise by filing two sentencing memoranda (Dkt. Nos. 27 and 28). The terms of the Petition to Enter Plea of Guilty, Plea Agreement, and Defendant's colloquy with the Court at the change of plea hearing belie the existence of such a promise.[4] See Dkt. No. 21 ¶ 37, Dkt. No. 22 ¶ 1 and Transcript pp. 15-16.

Even accepting Defendant's argument that a verbal promise was made, there is no merit to Defendant's claim. According to Defendant, the promise was to not seek an enhancement. Neither sentencing memorandum requests an enhancement to Defendant's sentence. Docket No. 27 outlines Plaintiff's position regarding findings made by the probation office and in response to Defendant's challenge to the Pre-Sentence Report. While that document did discuss the applicability of the ACCA, that was in no way requesting an enhancement. Indeed, the issue regarding the applicability of the ACCA had been raised throughout the plea negotiations. The Plea Agreement recognized the dispute over the issue and excepted that issue from the appeal waiver provisions. Further, the Petition to Enter Plea of Guilty noted that the guideline range would be determined based on the investigation of the Probation Office and that it was possible that the ACCA would apply. There is nothing

---

[4] These portions of the record also belie Defendant's claims that through some sleight of hand additional material was inserted into the Plea Agreement without his knowledge. As noted, Defendant clearly stated that he had read and understood the Plea Agreement before he signed that document.

5

in Dkt. No. 27 requesting a change in sentencing issues that was not within the scope of the previous pleadings and nothing requesting an enhancement.  Defendant's second allegation of breach of an alleged agreement is premised on Plaintiff's Second Sentencing Memorandum (Docket No. 28).  That memorandum merely addresses the effect of <u>Blakely</u> <u>v. Washington</u>, 542 U.S. 296 (2004), and nothing in this document in any way requests an enhancement.  Thus, Plaintiff in no way breached any part of the alleged promise.

Defendant's remaining claims of ineffective assistance of counsel are barred by the terms of the plea agreement which contained a waiver of the right to appeal and/or collaterally challenge.  <u>See</u> Dkt. No. 22, ¶ 8.  The arguments raised by Defendant are within the scope of the waiver.  <u>See</u> <u>United States v. Hahn</u>, 359 F.3d 1315, 1325 (10th Cir. 2004) ("The first prong of the analysis requires the court to determine if the disputed appeal falls within the scope of the appellate waiver.").  The issues Defendant presses in his motion are the type of pretrial issues governed by the terms of the waiver.  Turning to the second <u>Hahn</u> prong, whether the waiver was knowing and voluntary, the Court finds this prong is likewise met as Defendant's statements in the Petition to Enter Plea of Guilty and the transcript provide ample evidence the plea was knowingly and voluntarily entered.  <u>Id.</u> ("The second prong of the analysis requires the court to ascertain whether the defendant knowingly and voluntarily waived his appellate rights.").  Finally, the third prong of <u>Hahn</u> considers whether enforcing the waiver will result in a miscarriage of justice.  <u>Id.</u> at 1327.  Here, there is no prejudice.  Absent the waiver, Defendant would still be required to show his counsel's performance fell below an objective standard of reasonableness and that the prejudice arising

from that deficient performance was such that absent the errors, the outcome would have been different.  See Strickland v. Washington, 466 U.S. 668 (1984).  While the Court has no doubts regarding the reasonableness of counsel's performance, because Defendant's claim clearly fails the prejudice prong, the Court addresses only that portion of the test.  Defendant argues that counsel failed to research and argue the effect of his prior state conviction and failed to appropriately raise arguments regarding the constitutionality and applicability of the ACCA.  As noted herein, the Tenth Circuit has rejected Defendant's arguments in full.  Accordingly, he cannot establish that any failure by counsel resulted in prejudice.

Although Defendant requested an evidentiary hearing, the Court finds one unnecessary because resolution of his arguments is possible on the existing record.  See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000).

## CONCLUSION

As set forth more fully herein, Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 54), is DENIED.  A Judgment will enter accordingly.

IT IS SO ORDERED this 20th day of August, 2007.

ROBIN J. CAUTHRON
United States District Judge