IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-04-62-C |
| ) | CIV-16-469-C |
| RONNIE GLENN TRIPLETT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On June 10, 2004, Defendant entered a plea of guilty to Counts 1, 2, and 4 of the Indictment. Count 1 charged Defendant with distribution of methamphetamine, Count 2 charged distribution of methamphetamine, and Count 4 charged possession of a firearm and ammunition that traveled in interstate commerce by a convicted felon. At sentencing the Court determined that the Armed Career Criminal Act, 18 U.S.C. § 924 ("ACCA"), applied and imposed a sentence of 188 months. Defendant sought relief from his sentence via a direct appeal and 28 U.S.C. § 2255. Each of the challenges were denied and the Court's sentence affirmed. Following the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015), Defendant sought and obtained permission from the Tenth Circuit to file a second or successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Defendant has now filed his § 2255 Motion and argues that his sentence should be reduced. To assist Defendant in prosecuting his claim, the Court appointed counsel for Defendant. Counsel filed a brief adopting and amplifying the

arguments raised in Defendant's pro se Motion. Counsel also filed a Reply brief in support of the issues.[*]

In support of his second or successive § 2255 Motion, Defendant argues that his sentence under the ACCA was imposed on the basis of two prior drug offenses and one violent felony under the residual clause. Therefore, Defendant argues, because the Supreme Court has held the residual clause void, he is eligible for a reduction in his sentence. In response, Plaintiff argues that the ACCA still applies because Defendant has three prior drug convictions, not two. The three serious drug offenses were possession of a dangerous controlled substance with the intent to distribute, case no. CF-95-3215; trafficking in illegal drugs case no. CF-96-712; and manufacturing a dangerous controlled substance, case no. CF-96-18. Defendant's arguments that these convictions should not be counted as three individual criminal acts is foreclosed by the Tenth Circuit's decision in his direct appeal.

In affirming the district court's imposition of sentence, the Circuit considered Defendant's argument that his prior convictions should be counted only as one prior conviction because they were the result of a single judicial proceeding and term of incarceration. Rejecting that argument, the Tenth Circuit stated, "[e]nhancement under the ACCA is proper even if the three prior convictions were the result of a single judicial proceeding." United States v. Triplett, 160 F. App'x 753, 762 (10th Cir. 2005) (citing United

---

[*] Defendant filed a pro se letter with the Court, in which he expressed his frustration with counsel's representation but did not request new counsel. The Court has considered the arguments raised by Defendant in his letter (Dkt. No. 107).

2

States v. Green, 967 F.2d 459, 461 (10th Cir. 1992)). "The ACCA only requires that the felonies be committed on occasions different from one another." Triplett, 160 F. App'x at 762 (citing United States v. Bolton, 905 F.2d 319, 323 (10th Cir. 1990)). The Circuit went on to hold "Mr. Triplett's prior convictions, while arising out of only two judicial proceedings and resulting in one term of incarceration, stemmed from criminal acts occurring on different dates and at different locations, which Mr. Triplett does not dispute. Thus, the district court did not err in treating these convictions as separate for purposes of applying the ACCA." Id. Therefore, the Tenth Circuit has conclusively ruled that the ACCA is properly applied to Defendant based upon his three prior drug convictions. As Plaintiff notes, Defendant's arguments to the contrary are based upon the distinction in counting prior convictions to determine criminal history category versus imposition of a sentence under the ACCA. Even if the Court were to remove the firearm conviction, which it must as using that conviction is now improper under the residual clause, Defendant is still subject to the provisions of the ACCA and no change in his sentence is permitted.

Accordingly, "Movant's Second or Successive Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 USC §255(h)(2)" (Dkt. No. 94) is DENIED. A separate Judgment will issue.

IT IS SO ORDERED this 6th day of October, 2016.

ROBIN J. CAUTHRON
United States District Judge